# EXHIBIT A

**SUM-100**

# SUMMONS
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART INC., a Delaware corporation; WALMART CLAIMS SERVICES, INC., an Arkansas corporation; DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVE STUZYNSKI, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**12/17/2021** at 11:14:43 AM
Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

330 West Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2021-00052850-CU-PO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica Figueroa (SBN 326015), 600 B Street, Suite 1450, San Diego, CA 92101, 619-233-5020

| DATE: 12/20/2021 | Clerk, by *R. Chanez* | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* R. Chanez | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WALMART INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

JESSICA FIGUEROA (SBN 326015)
JUREWITZ LAW GROUP
600 B Street, Suite 1450
San Diego, CA 92101
Tel: (619) 233-5020
Fax: (888) 233-3180

Attorneys for Plaintiff
STEVE STUZYNSKI

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**12/17/2021** at 11:14:43 AM
Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| STEVE STUZYNSKI, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> WALMART INC., a Delaware corporation; WALMART CLAIMS SERVICES, INC., an Arkansas corporation; DOES 1-20, inclusive; <br><br> Defendants. | Unlimited Civil Case No.: 37-2021-00052850-CU-PO-CTL <br><br> **COMPLAINT FOR PERSONAL INJURIES** |

Plaintiff STEVE STUZYNSKI, an individual, respectfully alleges as follows:

### INTRODUCTION

1. This case arises from a slip-and-fall caused by unreasonably dangerous conditions resulting in personal injuries to Plaintiff.

### JURISDICTION AND VENUE

2. The damages incurred by Plaintiff are well in excess of $25,000.00, the jurisdictional minimum of this Court.

COMPLAINT - 1

3. This litigation arises out of or is connected with the Defendant's activities within the State of California.

4. The incident complained of occurred within the City of San Diego, County of San Diego, State of California.

## PARTIES

5. Plaintiff STEVE STUZYNSKI (hereinafter "Plaintiff") is, and at all times herein mentioned, was a resident of the City of San Diego, County of San Diego, State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant WALMART INC. (hereinafter "Defendant Walmart") is, and at all times mentioned herein, a Delaware corporation doing business as Walmart in the City of San Diego, County of San Diego, State of California, including, but not limited to the subject premises, located at Store #5338 at 4840 Shawline Street, San Diego, CA 92111 (hereinafter "Subject Premises").

7. Plaintiff is informed and believes and thereon alleges that Defendant WALMART CLAIMS SERVICES, INC. (hereinafter "Defendant Walmart Claims") is, and at all times mentioned herein, an Arkansas corporation doing business as in the City of San Diego, County of San Diego, State of California, including, but not limited to the subject premises, located at Store #5338 at 4840 Shawline Street, San Diego, CA 92111 (hereinafter "Subject Premises").

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to insert their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is legally responsible for the events and happenings referred to herein, and legally caused injuries and damages thereby to Plaintiff as herein alleged. Plaintiff's injuries as hereinafter alleged were proximately caused by the acts of such Defendants, and each of them.

9. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned, each of the Defendants was the agent and employee of the remaining Defendants, and was acting within the scope and purpose of such agency and employment in doing the acts herein alleged.

///

## GENERAL ALLEGATIONS

10. On or about September 26, 2020, Plaintiff had finished shopping at the SUBJECT PREMISES. After checkout, Plaintiff walked from the cash registers to the exit, past the freezers for holding ice (hereinafter "Subject Incident Site"). A palate of ice was on the tile near the ice freezers, leaking a puddle of water onto the tile (hereinafter "Slipping Hazard").

11. As Plaintiff approached the ice freezers, he slipped on SLIPPING HAZARD. Plaintiff's legs flew out from under him as he slipped on the puddle of melted ice, and fell onto his back, bringing his cart crashing down on top of his leg (hereinafter "Subject Incident").

12. As a result of the SUBJECT INCIDENT, Plaintiff sustained serious bodily injuries.

## FIRST CAUSE OF ACTION

### Negligence

**(Against Defendants WALMART, WALMART CLAIMS, and DOES 1 – 10, Inclusive)**

13. Plaintiff realleges and incorporates each and every paragraph of this Complaint as though set forth fully herein.

14. On or about September 26, 2020, and prior thereto, Defendants had actual and/or constructive knowledge of the SLIPPING HAZARD on the floor of the SUBJECT PREMISES. Further, Defendants knew or should have known that leaving melting ice on the tile of the SUBJECT PREMISES was a dangerous condition which substantially increased the likelihood persons at the Subject Premises, such as Plaintiff, would slip and injure themselves. Despite Defendants' actual and/or constructive knowledge of these facts, Defendants failed to remove or properly mark the dangerous condition and failed to warn persons on the premises, including Plaintiff, of said dangerous condition.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had a duty to use reasonable care in keeping, maintaining, operating, and controlling the SUBJECT PREMISES in a reasonable and safe condition, so as not to endanger persons, including Plaintiff, from the possibility of unreasonable danger and damage.

16. Defendants, and each of them, breached their duty to Plaintiff, in failing to act reasonably, and with due care, in keeping, maintaining, operating, and controlling the subject premises in a reasonable and safe condition, which would not create a serious danger to persons on the premises, including Plaintiff.

17.     As a proximate result of the negligence and carelessness of Defendants, and each of them, and the resulting accident as above alleged, Plaintiff was injured in his health, strength, and activity, sustaining severe injury to his body, all of which have caused and continue to cause him great mental and physical pain and suffering. Plaintiff is informed and believes and on that basis alleges, that the injuries will result in some permanent disability to Plaintiff, all to his damage in amounts which will be shown according to proof.

18.     As a further proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff was required to employ, and continues to employ, physicians to examine, treat and care for her, and did and continues to incur medical and incidental expenses which will be shown according to proof.

19.     As a further proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff was prevented from attending to his usual profession thereby incurring lost earnings and loss of earning capacity all to his further damage.

## SECOND CAUSE OF ACTION

### Premises Liability

**(Against Defendants WALMART, WALMART CLAIMS, and DOES 1 – 10, Inclusive)**

20.     Plaintiff realleges and incorporates each and every paragraph of this Complaint as though fully set forth herein.

21.     Prior to and at the time of the SUBJECT INCIDENT, Defendants owned, controlled, managed, possessed, and maintained the SUBJECT PREMISES, including but not limited to the area where the SLIPPING HAZARD was located.

22.     Prior to and at the time of the incident, Defendants had a duty to exercise ordinary care to avoid exposing person to unreasonable risks of harm due to their ownership, control, management, possession, and/or maintenance of the SUBJECT PREMISES, including but not limited to the area where the SLIPPING HAZARD was located. Moreover, Defendants were required to use reasonable care to discover any unsafe conditions at the SUBJECT PREMISES and to repair, replace, or give adequate warning of anything that could reasonably be expected to harm others.

23. Defendants breached their aforementioned duty by failing to properly maintain the SUBJECT PREMISES, specifically the SLIPPING HAZARD, which created a condition of unreasonable harm to Plaintiff and to other members of the general public. Ultimately, the SLIPPING HAZARD caused injuries to Plaintiff during the SUBJECT INCIDENT.

24. Defendants were fully aware of the potential dangers associated with the SLIPPING HAZARD because the SLIPPING HAZARD was created by Defendants, their agents, and/or employees due to their actions and inactions.

25. Defendants were fully aware of the potential dangers associated with the SLIPPING HAZARD due to the condition and location of the SLIPPING HAZARD.

26. Alternatively, Defendants should have been fully aware of the potential dangers associated with the SLIPPING HAZARD if a proper inspection of the SUBJECT PREMISES had been conducted.

27. Despite the foregoing, Defendants were negligent in their use and/or maintenance of the SUBJECT PREMISES, as they created the dangerous condition of the SLIPPING HAZARD, failed to repair the dangerous condition created by the SLIPPING HAZARD, failed to protect others from the dangerous condition created by the SLIPPING HAZARD, and failed to give adequate warning of the dangers presented by the dangerous condition created by the SLIPPING HAZARD.

28. Prior to and at the time of the SUBJECT INCIDENT, Defendants had the opportunity, ability and duty to prevent the occurrence of incidents of the nature involved in this matter, which were reasonably foreseeable, by addressing the dangerous condition associated with the SLIPPING HAZARD, but negligently failed to take any reasonable measure to do so.

29. The SUBJECT INCIDENT, which caused Plaintiff's injuries, was the direct and legal result of the aforementioned conduct of Defendants.

30. As a result of Defendants' conduct, Plaintiff required extensive medical care and incurred costs associated with said medical care. Plaintiff is informed and believes and thereon alleges Plaintiff will require future medical care and will incur additional future medical costs related to the injuries Plaintiff sustained.

31. As a result of Defendants' conduct, Plaintiff suffered pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and/or

emotional distress. Plaintiff is informed and believes and thereon alleges that Plaintiff will continue to suffer from pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and/or emotional distress because of Defendants' conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages according to proof;
2. For special damages for medical and incidental expenses according to proof;
3. For costs of suit herein incurred;
4. For pre-judgment interest as provided by law; and
5. For such other and further relief as the court may deem proper.

Dated: December 16, 2021            JUREWITZ LAW GROUP

By: *[signature]*
JESSICA FIGUEROA
Attorneys for Plaintiff
STEVE STUZYNSKI

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jessica Figueroa (SNB 326015)<br>Jurewitz Law Group<br>600 B Street, Suite 1450<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 233-5020   FAX NO.: (888) 233-3180<br>ATTORNEY FOR (Name): Steve Stuzynski | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>**12/17/2021** at 11:14:43 AM<br>Clerk of the Superior Court<br>By Regina Chanez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: County of San Diego, Central Division

CASE NAME:
Stuzynski, Steve v. Walmart Kearny Mesa

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2021-00052850-CU-PO-CTL |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Hon.<br>DEPT: Judge Eddie C Sturgeon |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☑ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 1. Negligence 2. Premises Liability
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 16, 2021
Jessica Figueroa
(TYPE OR PRINT NAME)                                    ► *(signature)*
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

American LegalNet, Inc.
www.FormsWorkflow.com